IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CHARLOTTE K., as parent and next friend of GILLIAN K., a minor and KIMBERLY K., as parent and next friend of MATTHEW K., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>ROCKFORD BOARD OF EDUCATION DISTRICT #205,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 08-C-50115<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### RESPONDENT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT

NOW COMES the Defendant, the BOARD OF EDUCATION OF THE ROCKFORD PUBLIC SCHOOLS, DISTRICT, NO. 205, by and through its attorneys, HINSHAW & CULBERTSON LLP, files the supplemental brief in support of is Motion to Dismiss the Amended Complaint, and states as follows:

### ARGUMENT

This Court has raised the issue of whether the District's Fed.R.Civ.P. 12(b)(6) Motion arguing in favor of dismissal based upon Plaintiffs' failures to exhaust their administrative remedies is more appropriately raised as an affirmative defense. The Court, and now the Plaintiffs, cite the case of *Mosley v. Board of Education of the City of Chicago*, 434 F.3d 527, (7th Cir., 2006), as precedent for this proposition. However, *Mosley* is distinguishable from the case at hand, as in this case Plaintiffs have clearly plead facts on the face of their Amended Complaint which show their failure to comply with the administrative process. As a result, the District's motion to dismiss pursuant to Rule 12(b)(6) may be properly considered by the Court.

Paragraph 24 of Plaintiffs' Amended Complaint alleges: "That the Plaintiffs have authorized a filing of a Due Process Request to challenge the unilateral decision of the DISTRICT to transfer their children to a more restrictive environment where they will be unsafe and exposed to an environment harmful to their well being. See attached Exhibits 2, 3, and 4."

Exhibits 2, 3 and 4 attached to Plaintiffs' Complaint are Due Process Complaints filed with the Illinois State Board of Education, on July 7, 2008.

As a result of the above referenced allegations on the face of Plaintiffs' Amended Complaint, *Mosley v. Board of Education of the City of Chicago* is clearly distinguishable from the case at hand. In *Mosley*, although the court did hold that failure to exhaust administrative remedies is more appropriately raised as an affirmative defense, the Court further clarified: "There is nothing on the face of her complaint that compels a conclusion that she failed to exhaust. Her case must therefore be remanded to the district court for further proceedings." *Mosley*, 434 F.3d 527, at 533.

Recent cases continue to uphold this distinction set forth in *Mosley*, that a plaintiff can in fact "plead themselves out of court," when the allegations of the complaint allege failure to comply with the administrative process. In *Waldron v. Dugan*, 2007 WL 4365358, N.D.Ill. 2007, December 13, 2007, the Court specifically held that a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) on the basis of failure to exhaust administrative remedies when the plaintiff pleads facts that show her failure to comply with the administrative remedial procedures. "Complaints may not be dismissed for failing to rebut affirmative defenses; rather, dismissal is only appropriate if a plaintiff pleads herself out of court by alleging facts that affirmatively establish the defense. In other words, a <u>plaintiff's silence regarding affirmative defenses is golden</u>." *Waldron v. Dugan*, 2007 WL 4365358, N.D.Ill.,2007. (December 13, 2007), citing *Hollander v. Brown*, 457 F.3d 688 (7th Cir. 2007); see also *Hucko-Haas v. Board of Trustees of Illinois Community College Dist. No. 508*, N.D.Ill., 2008 WL 538909 (Feb. 22, 2008).

Normally, the statute of limitations is an affirmative defense similar to exhaustion of administrative remedies. However, if a plaintiff pleads fact that demonstrate the complaint is time barred, it is proper for a court to dismiss the complaint under Rule 12(b)(6). As stated by the Seventh Circuit, a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1084 (1994).

Therefore, due to Plaintiffs' clear allegations on the face of their Amended Complaint at Paragraph 24, as well as Exhibits 2, 3, and 4 attached thereto and incorporated therein, Plaintiffs have plead facts that affirmatively establish their failure to comply with the required administrative process, and their Amended Complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## CONCLUSION

WHEREFORE, Defendant, THE BOARD OF EDUCATION OF THE ROCKFORD PUBLIC SCHOOLS, DISTRICT NO. 205, respectfully requests that its Motion to Dismiss be granted in its entirety.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: /s/Thomas J. Lester
Thomas J. Lester
One of Its Attorneys

Thomas J. Lester
HINSHAW & CULBERTSON LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL 61105-1389
(815) 490-4900
Fax: (815) 490-4901

70569328v1 890325