# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50115 | **DATE** | 8/1/2008 |
| **CASE TITLE** | Charlotte K., et al. vs. Bd. of Educ. Rockford, Dist. 205 | | |

**DOCKET ENTRY TEXT:**

Defendant's motion to dismiss [17] is granted. Plaintiffs' amended complaint is dismissed without prejudice. This case is closed.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

In this case, plaintiffs, Charlotte K., as parent and next friend of Gillian K., Kimberly K., as parent and next friend of Matthew K., and Carol K., as parent and next friend of William K., have filed suit against defendant, Rockford Board of Education School District 205. The named plaintiffs represent their minor children, each of whom is severely and profoundly disabled and have an individualized education program (IEP) as required by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1491. Plaintiffs allege violations of IDEA, § 1983 of the Civil Rights Act of 1964 (42 U.S.C. § 1983), § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., in connection with defendant's decision to relocate plaintiffs from Page Park School to Wilson Aspire School and based on the alleged consequential deprivations of the programming and facilities that plaintiffs formerly enjoyed at Page Park.

Currently before the court is defendant's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss alleging, inter alia, that plaintiffs can allege no set of facts in support of their claim which would entitle them to relief because plaintiffs have failed to exhaust administrative remedies. Specifically, defendant argues that plaintiffs have clearly pleaded in their amended complaint that they have filed administrative due process complaints with the Illinois State Board of Education which have not yet been adjudicated. In response to defendant's motion, plaintiffs argue that the exhaustion of administrative remedies would be futile and inadequate because they have alleged that defendant has discriminated against the severely and profoundly disabled children enrolled in District 205 and a denied their right to a free appropriate public education under IDEA. For the reasons stated below, defendants motion to dismiss is granted.

### ANALYSIS

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, not to decide the merits of the case. Gibson v. City of Chi., 910 F.2d 1510, 1520 (7th Cir. 1990). Under federal notice pleading, a complaint must contain both "a short and plain statement of the claim" showing that plaintiff is entitled to relief and sufficient factual allegations that "raise a right to relief above the speculative level." Bell Atlantic Corp. v.

**STATEMENT**

Twombly, 550 U.S. ___, 127 S. Ct. 1955, 1964-65 (2007). The court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiffs. Moranski v. Gen. Motors Corp., 433 F.3d 537, 539 (7th Cir. 2005). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at ___, 127 S. Ct. at 1974.

IDEA requires plaintiffs to exhaust administrative remedies under the Act before filing a civil action. 20 U.S.C. § 1415(1); see also Family & Children's Ctr. v. Sch. City of Mishawaka, 13 F.3d 1052, 1056 (7th Cir. 1994) (stating that a right of action exists under IDEA "only after a prospective plaintiff has exhausted state administrative remedies"). In addition, IDEA requires exhaustion of administrative remedies before bringing suit under other federal laws:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(l) (emphasis added). "[P]arents may bypass the [IDEA] administrative process where exhaustion would be futile . . . " Honig v. Doe, 484 U.S. 305, 327 (1988). "[I]f the plaintiff has alleged injuries that cannot be redressed to any degree by the IDEA's administrative procedures and remedies, then it would be futile to exhaust, and the disabled individuals can bring their disputes directly to court." McCormick v. Waukegan Sch. Dist. No. 60, 374 F.3d 564, 568 (7th Cir. 2004) (quotation marks and brackets omitted). While the exhaustion of administrative remedies is a non-jurisdictional affirmative defense and ordinarily not a ground upon which to dismiss a complaint under Rule 12(b)(6), dismissal is appropriate where "the allegations of the complaint in the light most favorable to the plaintiff show that there is no way that any amendment could salvage the claim." Mosely v. Bd. of Educ. of the City of Chi., 434 F.3d 527, 533 (7th Cir. 2006).

It is undisputed that plaintiffs have not yet exhausted their administrative remedies. Plaintiffs contend that they should be excused from the exhaustion requirement based on the "systematic violations exception." In support of this contention, plaintiffs rely on J.S. ex rel. N.S. v. Attica Central Schools., 386 F.3d 107 (2nd Cir. 2004), and the cases discussed therein.[1] This line of authority does indeed recognize an exception to the exhaustion requirement of IDEA, but it is a "systemic violations" exception, not a "systematic violations" exception. Id. at 113 (emphasis added). "Systemic" means "of or pertaining to a system." See Random House Webster's unabridged dictionary 1930 (2d ed. 2001) (emphasis added). "Systematic" means "having, showing, or involving a system, method, or plan: a systematic course of reading; systematic efforts" Id. (emphasis in original and added). The distinction between the definitions of these two terms illuminates why plaintiffs' allegations do not fit into the exhaustion exception recognized by these authorities.

The Second Circuit in Attica discussed its previous decisions in Heldman v. Sobol, 962 F.2d 148 (2nd Cir. 1992); Mrs. W. v. Tirozzi, 832 F.2d 748 (2d Cir. 1987); and J.G. v. Board. of Education of the Rochester City School District, 830 F.2d 444 (2d Cir. 1987).[2] Collectively, these cases recognize that there is a type of futility exception to IDEA's exhaustion requirement where there are systemic violations of the procedural rights accorded by IDEA or a complete failure to comply with the requirements of IDEA, and whose failures cannot be remedied through the administrative procedures. See Attica, 386 F.3d at 114 ("The common element among [Heldman, Tirozzi, and J.G.] is that the plaintiffs' problems could not have been remedied by administrative bodies because the framework and procedures for assessing and placing students in appropriate educational programs were at issue . . . . "); Heldman, 962 F.2d at 158-59 ("The futility exception is particularly relevant

**STATEMENT**

in actions, such as the one at hand, that allege systemic violations of the procedural rights accorded by IDEA."); Tirozzi, 832 F.2d at 752, 757 (concluding that plaintiffs who alleged that the defendant failed to make bona fide attempts to resolve their complaints pleaded an entitlement to an exemption from exhaustion sufficient to overcome a motion for judgment on the pleadings); J.G., 830 F.2d at 446-47 (concluding that allegations including the failure to evaluate and place students, the failure to develop IEPs, and the failure to inform parents of their rights were sufficient to excuse exhaustion). In short, where there is an allegation of a violation of IDEA pertaining to the system for dealing with administrative due process complaints (a systemic violation), attempting to resolve that complaint through a defective mechanism is pointless and thus is not required.

In their amended complaint, plaintiffs allege a <u>systematic</u> deprivation of the programming and facilities formerly available at Page Park. Specifically, plaintiffs allege that:

> 56.   The DISTRICT has been systematically depriving the children at Page Park of the programming and facilities formally [sic] available at Page Park . . . .
>
> 57.   This systematic discrimination began approximately three years ago as they have gradually moved students from Page Park to new settings less accommodating to these children . . . .
>
> 58.   This has been a systematic and consistent effort to gradually deprive these children of the necessary free and appropriate educational benefits . . . .
>
> 59.   The facilities at the "new" location are entirely inadequate for the severe and profoundly disabled children all of whom have sensory integration issues and who have physical difficulties as well: a) The drop off place for the buses has no protection from the rain and elements and the children have to walk hundreds of yards or be pushed in their wheelchairs to the entrance; b) No play ground at all or outside activities available; c) No classroom bathrooms-adult children have to be changed and cleaned in classrooms. Two handicapped stalls for 30 students-no handicapped showers; d) The only way out of the building is by a key in a dead bolt which could be a serious hazard; e) No access or very poor access to a gymnasium; f) no cafeteria- the children have to stay in their classrooms; and g) No access to a therapeutic pool within a reasonable and accessible distance- the proposed pool at Auburn is a regular pool too deep and too cold for the handicapped. This is not a school facility especially designed for the handicapped -it is only adapted with an elevator that is not working.

The foregoing are not, however, allegations of any systemic violations of the procedural rights afforded by IDEA or of a complete failure to comply with a requirement of IDEA. Rather, plaintiffs allege systematic efforts to methodically deprive them of the programing and facilities that they formerly enjoyed at Page Park. This is precisely the type of complaint best addressed by the educational experts skilled in these matters. Moreover, if the alleged inadequacies occurred as a result of moving plaintiffs from Page Park to Wilson Aspire, and if plaintiffs prove that these inadequacies are violations of IDEA, the administrative hearing officer can provide a remedy.

At oral argument on defendant's motion, plaintiffs' counsel made clear that her clients were contending that defendant is treating its severely and profoundly disabled students differently from non-special education students and that this discrimination cannot be remedied by the hearing officer during the administrative due process proceedings. This argument seems to suggest that the Equal Protection clause of the Fourteenth Amendment has been violated, although no such claim is pleaded in the amended complaint.[3] Instead, the amended complaint contains claims that the programing and facilities being offered plaintiffs at Wilson Aspire, as compared to those formerly offered plaintiffs at Page Park, violate IDEA, § 1983, § 504, and the ADA. In any event, the hearing officer can provide a remedy for all of these claims if plaintiffs can show that the curriculum and facilities afforded them at Wilson Aspire fall short of a free appropriate public education.[4] IDEA requires

**STATEMENT**

that defendant put in place procedures that include "an opportunity for any party to present a complaint . . . with respect to any matter relating to ... the provision of a free appropriate public education." 20 U.S.C. § 1415 (b)(6)(A). There is no allegation in the amended complaint that defendant has not put such procedures in place. Thus, plaintiffs must exhaust their claims.[5]

Plaintiffs also argue that there are allegations in the amended complaint that defendant is violating the "stay put" provision of IDEA, which requires that during the pendency of any administrative due process proceeding, the child shall remain in his or her "then-current educational placement," 20 U.S.C. § 1415(j), and that the exhaustion requirements are therefore inapplicable. Even if such an exception to exhaustion exists, it is clear that the then-current "educational placement" does not mean the actual school attended by the child but rather the child's general educational program. Bd. of Educ. of Cmty. High Sch. Dist. No. 218 v. Ill. State Bd. of Educ., 103 F.3d 545, 549 (7th Cir. 1996). There is no allegation that defendants have prohibited plaintiffs from remaining in the program contemplated by their IEPs.

The court notes that both parties presented evidence at the hearing on defendant's motion to dismiss. Even if the court were to consider and not exclude this evidence, and, pursuant to Rule 12(d), treat this motion as a motion for summary judgment, the court would find the evidence presented insufficient to excuse plaintiff from IDEA's exhaustion requirement. Plaintiffs have not advanced evidence upon which one could reasonably conclude that the hearing officer cannot order defendant to provide plaintiffs with what the law requires, a free adequate public education.

CONCLUSION

Because plaintiffs have affirmatively pleaded a failure to exhaust administrative remedies, and because the allegations regarding the "systemic violations exception" to the exhaustion requirement do not raise futility to the level of plausibility, see Twombly, 550 U.S. at ___, 127 S. Ct. at 1974, plaintiffs have failed to state a cause of action in their amended complaint and it is dismissed without prejudice to allow refiling after plaintiffs have exhausted their administrative remedies. Plaintiffs' motion for preliminary injunction is moot.

---

1. In fact, a copy of the Attica case is attached to the amended complaint as Exhibit A.

2. The Attica court also discussed Jose P. v. Ambach, 669 F.2d 865 (2d Cir. 1982), which deals with the application of an exhaustion exception where the administrative complaints were too numerous for the agency to expeditiously handle. There is no similar allegation in the second amended complaint at issue here.

3. Plaintiffs allege a cause of action pursuant to § 1983, but do not specify which constitutional provision has been violated.

4. A free appropriate public education may or may not equate to the services the plaintiffs received at Page Park School.

5. The exhaustion of administrative remedies required by IDEA applies to the non-IDEA claims. See 20 U.S.C. § 1415(l); Charlie F. v. Bd. of Educ. of Skokie Sch. Dist. 68, 98 F.3d 989, 992-93 (7th Cir. 1996).